## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| RAY YOHN, JR. | : |
| 650 Wood Street | : |
| Newport, PA 17074 | :  CIVIL ACTION NO. _____ |
| | : |
| Plaintiff, | :  **JURY TRIAL DEMANDED** |
| | : |
| v. | : |
| | : |
| AMERICAN ABATEMENT GROUP, INC.; and | : |
| 8 Mountain Road | : |
| New Bloomfield, PA 17068 | : |
| | : |
| DEBORAH MEGONNELL; and | : |
| 8424 Spring Road | : |
| New Bloomfield, PA 17068 | : |
| | : |
| GREG MEGONNELL; and | : |
| 8424 Spring Road | : |
| New Bloomfield, PA 17068 | : |
| | : |
| CHARLES F. COUCHE; and | : |
| 315 Hoffman Road | : |
| Halifax, PA 17032 | : |
| | : |
| SCOTT PEIFER | : |
| 23 Barnett Drive | : |
| Duncannon PA, 17020 | : |
| | : |
| Defendants. | : |

---

## CIVIL ACTION COMPLAINT

Plaintiff Ray Yohn, Jr. ("Plaintiff"), hereby brings this action against Defendants American Abatement Group, Inc., Deborah Megonnell, Greg Megonnell, Charles F. Couche, and Scott Peifer ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendants have unlawfully failed to pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.* Plaintiff also avers that Defendants have unlawfully failed to pay his "wages" as owed and due under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* Finally, Plaintiff alleges that Defendant American Abatement Group, Inc. breached its contract with Plaintiff to pay Plaintiff his agreed-upon wages.

2. During the course of his employment, Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for his work in that Plaintiff was not paid an overtime premium at 1.5 times his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendants unlawfully failed to pay him overtime compensation for certain compensable pre- and post-shift work as well as certain compensable travel time in violation of the FLSA and PMWA.

3. Accordingly, Plaintiff contends that he is owed unpaid wages and overtime compensation which was denied to him as a result of Defendants' unlawful pay practices.

4. Plaintiff brings this action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## PARTIES

9. Plaintiff Ray Yohn, Jr., currently resides at 650 Wood Street, Newport, PA 17074.

10. Defendant American Abatement Group, Inc., is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business and an address registered with the Pennsylvania Secretary of State at 8 Mountain Road, New Bloomfield, PA 17068.

11. Defendant Deborah Megonnell, is an owner of Defendant American Abatement Group, Inc., who has primary control over all payroll practices, the authority to set pay rates, and has substantial control over the operation of the business.

12. Defendant Greg Megonnell, is an owner of Defendant American Abatement Group, Inc., who has primary control over all payroll practices, the authority to set pay rates, and has substantial control over the operation of the business.

13. Defendant Charles F. Couche, is an owner of Defendant American Abatement Group, Inc., who has primary control over all payroll practices, the authority to set pay rates, and has substantial control over the operation of the business.

14. Defendant Scott Peifer, is an owner of Defendant American Abatement Group, Inc., who has primary control over all payroll practices, the authority to set pay rates, and has substantial control over the operation of the business.

15. Defendants are "private employers" who have an annual dollar volume of sales or business done of at least $500,000 and are covered by the FLSA.

16. Plaintiff is an employee who has been employed by Defendants during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

17. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

18. Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19. Plaintiff Ray Yohn, Jr., first began his employment with Defendants in or around February 2002, when he was hired as an Asbestos Worker.

20. Plaintiff is paid on an hourly basis.

21. Upon information and belief, Defendants were to compensate Plaintiff with fringe benefits for federal and/or state-funded positions.

22. Upon information and belief, Plaintiff was never compensated by Defendants with respect to fringe benefits for federal and/or state-funded positions.

23. As an Asbestos Worker, Plaintiff's primary job duties include the removal and/or disposal of Asbestos.

24. In his capacity as an Asbestos Worker, Plaintiff was required to drive a company vehicle from Defendants' shop location in New Bloomfield, PA to a work site each work day.

25. Defendants required Plaintiff to report to Defendants' shop location in New Bloomfield, PA between 4:30AM and 6:00AM, which was between thirty (30) minutes and two and one-half (2.5) hours prior to the scheduled start of his work at the work site for the day.

26. Once he arrived at Defendants' shop location, Plaintiff was required to perform certain compensable work, including, but not limited to, loading necessary tools and/or equipment into the company vehicle.

27. Plaintiff thus typically performed between five (5) and twenty (20) minutes of compensable pre-shift work at Defendants' shop location prior to the start of each work day.

28. Nevertheless, Plaintiff was not compensated for this pre-shift work, nor did Defendants count this pre-shift work towards Plaintiff's total hours worked under the FLSA/PMWA.

29. Plaintiff was then required to travel from Defendants' shop location(s) to a job site each work day.

30. Plaintiff was typically required to travel between thirty (30) minutes to two (2) or more hours from Defendants' shop to a work site each work day.

31. At the end of each work day, Plaintiff was required to return to Defendants' shop location, which typically involved another thirty (30) minutes to two (2) or more hours of travel time, in order to unload and return equipment, and dispose of any and all removed Asbestos from the work site.

32. Plaintiff thus typically performed between five (5) and twenty (20) minutes of compensable post-shift work at Defendants' shop location each work day.

33. Nevertheless, Plaintiff was not compensated for this post-shift work, nor did Defendant count this post-shift work towards Plaintiff's total hours worked under the FLSA/PMWA.

34. The time Plaintiff spent traveling from Defendants' shop location to each work site, and from the work site back to Defendants' shop location is "travel that is all in the day's work" within the meaning of the FLSA and PMWA. See 29 C.F.R § 785.38.

35. However, despite the compensability of Plaintiff's travel time as set forth above, Defendants did not compensate Plaintiff for all the hours he spent thus traveling.

36. Rather, it is Defendants' policy and practice to pay Plaintiff only for the time spent at the work site each work day.

37. For example, if Plaintiff were to travel for two (2) or more hours from the shop location to the work site, he would not be compensated, nor would Defendants count that time toward Plaintiff's total hours worked under the FLSA/PMWA.

38. By way of another example, if Plaintiff were to travel for two (2) or more hours from the work site to the shop location, he would not be compensated, nor would Defendants count that time toward Plaintiff's total hours worked under the FLSA/PMWA.

39. By failing to accurately track and compensate Plaintiff for the time he spent performing pre-shift and post-shift work, and for traveling from Defendants' shop location to each work site, and from the work site back to Defendants' shop location, Defendants have failed to pay Plaintiff overtime compensation in violation of the FLSA/PMWA.

40. Plaintiff estimates that, as a result of the unlawful pay practices of Defendants described above, he has been denied compensation for approximately five (5) to ten (10) hours per week.

41. Because Plaintiff was typically scheduled to work close to, if not in excess of, forty (40) hours per week (excluding the aforementioned pre- and post-shift work and travel time), the vast majority of these unpaid hours are owed to Plaintiff at an overtime rate.

42. By way of example, during the workweek of November 13, 2017 to November 19, 2017, Plaintiff estimates that, in addition to working approximately forty (40) hours at the work site, he spent an additional two (2) hours and fifteen (15) minutes performing pre-shift work, between approximately ten (10) to twenty (20) hours traveling from the shop location to the work site and back again, and approximately two (2) hours and thirty (30) minutes performing post-shift work, for a total between approximately fifteen (15) to twenty-five (25) hours of uncompensated work.

43. Despite thus working between approximately fifty-five (55) to sixty-five (65) hours, Plaintiff did not receive any compensation and/or overtime compensation for the hours he worked over forty (40).

44. Despite the fact that Plaintiff regularly worked approximately fifteen (15) to twenty-five (25) additional hours of compensable work and/or overtime per week as a result of the above-referenced pre- and post-shift work and travel time, he did not receive compensation and/or overtime compensation at a rate not less than 1.5 times his regular rate of pay for all hours thus worked over forty (40) in a workweek.

45. Defendants failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff per day and per week as required by the FLSA. See 29 C.F.R. § 516.2.

46. Defendants were aware that Plaintiff was working significant overtime hours without properly receiving overtime compensation as aforesaid.

47. Plaintiff was compensated on an hourly basis and, as such, did not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/PMWA.

48. Plaintiff did not have the authority to hire, fire, or discipline other employees of Defendants, nor did he make recommendations with respect to employee status changes to which Defendants gave substantial weight.

49. As a result, Plaintiff did not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

50. Plaintiff did not perform work directly related to Defendants' management or general business operations, nor did he exercise discretion or independent judgment regarding matters of significance to Defendants.

51. Accordingly, Plaintiff did not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

52. Plaintiff's primary duty did not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction. In this regard, Plaintiff's job duties did not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

53. Accordingly, Plaintiff did not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

54. Upon information and belief, Plaintiff exclusively drove non-commercial vehicles, i.e. vehicles weighing less than ten thousand (10,000) pounds.


Case 1:20-cv-00794-YK   Document 1   Filed 05/14/20   Page 9 of 16

55. Thus, Plaintiff was not exempt from the payment of overtime compensation due to the Small Vehicle Exception to the Motor Carrier Exemption. See 29 U.S.C. § 13(b)(1); see also McMaster v. E. Armored Servs., 780 F.3d 167, 169-72 (3d Cir. 2015).

56. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

57. Plaintiff was within the meaning of the FLSA and PMWA, a non-exempt employee of Defendants and therefore entitled to overtime compensation for all hours worked over forty (40) in a workweek.

58. As a result of Defendants' aforesaid willful illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION
## PLAINTIFF v. ALL DEFENDANTS

59. Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

60. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

61. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

62. Defendants failed to accurately track and maintain records of all hours worked by Plaintiff.

63. As a result, Defendants failed to pay Plaintiff overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times his regular rate of pay.

64. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

65. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

66. Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief;

A. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

B. Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff for work performed in excess of forty (40) hours per week;

C. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D. Awarding Plaintiff liquidated damages in accordance with the FLSA;

E. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G. For all additional general and equitable relief to which Plaintiff may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION
## PLAINTIFF v. ALL DEFENDANTS

67. Paragraphs 1 through 66 are hereby incorporated by reference as though the same were fully set forth at length herein.

68. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

69. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

70. By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff for all hours worked.

71. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

      C.      An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

### COUNT III
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq.*
### FAILURE TO PAY WAGES
### PLAINTIFF v. ALL DEFENDANTS

72.     Paragraphs 1 through 71 are hereby incorporated by reference as though the same were fully set forth at length herein.

73.     Plaintiff and Defendants entered into an employment contract whereby Plaintiff would be compensated at a rate of $14 per hour for the performance of Asbestos removal services.

74.     At Defendants' instruction, Plaintiff provided Asbestos removal services to Defendants' clients as requested, from February 2002 to January 2019.

75.     However, Defendants failed to pay Plaintiff his wages of $14 per hour for the approximately fifteen (15) to twenty-five (25) hours of additional compensable work performed and travel time each work week.

76.     Additionally, Plaintiff and Defendants entered into an agreement whereby Plaintiff would be compensated at the prevailing wage rate in accordance with his fringe benefits for all federal and/or state-funded work sites.

77.     However, Defendants failed to pay Plaintiff in accordance with the prevailing wage rate in accordance with his fringe benefits for all federal and/or state-funded work sites.

78.     The aforementioned hourly pay constitutes "wages" and/or "prevailing wages" which are due and owing under the Pennsylvania Wage Payment and Collection Law ("WPCL").

79. Defendants unlawfully violated the WPCL by failing to pay Plaintiff his earned wages and/or prevailing wages.

**WHEREFORE,** as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant him the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff in an amount equal to his unpaid wages and/or prevailing wages;

B. Liquidated damages of twenty-five percent (25%) under the WPCL;

C. An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the WPCL;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
## BREACH OF CONTRACT
## FAILURE TO PAY WAGES
## PLAINTIFF v. DEFENDANT AMERICAN ABATEMENT GROUP, INC.

80. Paragraphs 1 through 79 are hereby incorporated by reference as though the same were fully set forth at length herein.

81. Plaintiff and Defendant American Abatement Group, Inc. ("AAG") entered into an employment contract whereby Plaintiff would be compensated at a rate of $14 per hour for the performance of Asbestos removal services.

82. At AAG's instruction, Plaintiff provided Asbestos removal services to AAG's clients as requested, from February 2002 to January 2019.

83. However, AAG failed to pay Plaintiff his wages of $14 per hour for the approximately fifteen (15) to twenty-five (25) hours of additional compensable work performed and travel time each work week.

84. Additionally, Plaintiff and AAG entered into an employment contract whereby Plaintiff would be compensated at the prevailing wage rate in accordance with his fringe benefits for all federal and/or state-funded work sites.

85. However, AAG failed to pay Plaintiff in accordance with the prevailing wage rate in accordance with his fringe benefits for all federal and/or state-funded work sites.

86. AAG breached the employment contract with Plaintiff by failing to pay Plaintiff his earned wages and/or prevailing wages.

**WHEREFORE,** as a result of the unlawful conduct of AAG, Plaintiff respectfully requests that this Court enter judgment in his favor and against AAG, and grant him the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff in an amount equal to his unpaid wages and/or prevailing wages;

B. Pre-judgment interest in an appropriate amount; and

C. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Benjamin Salvina*
    Benjamin Salvina, Esquire
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    TEL: 267-273-1054
    FAX: 215-525-021
    bsalvina@phillyemploymentlawer.com
Dated: May 14, 2020    *Attorneys for Plaintiff*

## **DEMAND TO PRE\SERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.